UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-11842-GAO

STATE NATIONAL INSURANCE COMPANY, INC.,
Plaintiff,

v.

JULIO BOBADILLA d/b/a JB HOME REPAIR; MARIA DIEGO FRANCISCO, as special personal representative of the estate of VIDAL MARIO BRAVO CIFUENTES and as parent and next friend of BRANDON EDWIN BRAVO DIEGO and GISELE ADRIANA BRAVO DIEGO; BUILD IT BROTHERS, LLC; JOSE BOBADILLA; ERNESTO SACAJAN; M&M LAND DESIGN INC.; MARIO MENDEZ; and JUAN MENDEZ;
Defendants.

OPINION AND ORDER
September 29, 2023

O'TOOLE, D.J.

This insurance coverage case arises from the accidental death of Vidal Mario Bravo Cifuentes in December 2019 as a result of a tree felling incident. The plaintiff, State National Insurance Company, Inc. ("State National") brings this complaint for a declaratory judgment, seeking a determination of rights and obligations of the parties with respect to a general liability policy issued by State National to Julio Bobadilla d/b/a JB Home Repair (the "Insured"). Defendant Maria Diego Francisco, as special personal representative of the estate of Vidal Mario Bravo Cifuentes and as parent and next friend of Brandon Edwin Bravo Diego and Gisele Adriana Bravo Diego ("Francisco"), filed a civil action in the Massachusetts Superior Court (the "Underlying State Action") in July 2020. In that case, she seeks recovery of damages from the

Insured for the death of the decedent.[1] State National has been defending the Insured under a reservation of rights.

State National brought this suit in October 2022 against the Insured, as well as Francisco, Build It Brothers LLC, Jose Bobadilla, Ernesto Sacajan, M&M Land Design Inc., Mario Mendez, and Juan Mendez. It seeks a declaration as to whether State National has a duty to defend and/or indemnify the Insured in connection with the Underlying State Action pursuant to a Commercial General Liability Policy (the "Policy") issued to the Insured. State National claims that it has no duty of defense or indemnification to the Insured with respect to the Underlying State Action. It contends that it has no such duty because the Policy covers only bodily injury caused by or resulting from the Insured's business, because the Policy limits coverage to the Insured's "business description" in the Policy, which does not include such classifications as tree removal, and because coverage does not apply to an "occurrence" in which subcontractor is involved when the subcontractor has no written agreement with the Insured and has no commercial general liability insurance.

Francisco has moved to dismiss State National's complaint, or in the alternative, to stay the proceedings. She notes that the Underlying State Action has been pending for over two-and-a-half years (now three), that there has been extensive discovery in that case, and that State National has been defending the Insured pursuant to a reservation of rights, and only recently commenced this declaratory judgment action. Francisco argues that the issue of coverage should be litigated in

---

[1] She brought suit against the Insured, Build It Brothers LLC, Jose Bobadilla, Miguel Bobadilla, Ernesto Sacajan, M&M Land Design Inc., and Mario and Juan Mendez for various claims of negligence, wrongful death, negligent hiring, vicarious liability/respondeat superior, and fraudulent conveyance.

2

the state court action or, in the alternative, that this case should be stayed pending a full and final determination of the issues in the Underlying State Action. State National opposes the motion.

Although federal courts generally abstain from exercising jurisdiction only in exceptional circumstances, as they have a "virtually unflagging obligation to . . . exercise the jurisdiction given to them," Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976), the Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant," Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995); accord DeNovellis v. Shalala, 124 F.3d 298, 313 (1st Cir. 1997) ("[C]ourts have broad discretion to decline to enter a declaratory judgment."). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton, 515 U.S. at 288.

Here, considerations of practicality and prudent judicial administration counsel in favor of staying the federal declaratory judgment action pending the outcome of the issues currently being litigated in the Underlying State Action. The scope of the pending state court proceedings includes, at least, factual issues that underlie the larger contract interpretation question presented in this action, notably, the business relationships among the parties, the existence of any written agreements between them and details of any additional general liability insurance, and the circumstances which led to the tree felling incident. It appears generally that the parties named in this case have also been joined in the Underlying State Action,[2] though only Francisco has

---

[2] Although not technically a party in the state action, State National has been involved in its role as insurer. Additionally, State National has not suggested that it could not bring a state declaratory judgment action, which would permit the litigation to be resolved by a single court system, rather than by piecemeal parallel proceedings.

appeared here.³ Further, there is virtue in avoiding uneconomical proceedings where discovery has been ongoing for several years in the Underlying State Action, and the state court docket indicates that a defense motion for summary judgment is presently scheduled for hearing in the near future. See Wilton, 515 U.S. at 283 (citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1995)); see also Flectat Ltd. v. KASL Seabreeze, LLC, 257 F. Supp. 3d 152, 158–59 (D. Mass. 2017); Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Mar. Terminal, Inc., No. C.A. 14-14541-DJC, 2015 WL 3952766, at *6 (D. Mass. June 29, 2015).

Consequently, Francisco's Motion to Dismiss (dkt. no. 20) is GRANTED to the extent that this action is stayed pending the conclusion of the Underlying State Action. The parties shall file a quarterly joint status report regarding the Underlying State Action beginning January 2, 2024. The case will be administratively closed pending the parties' notification that it is necessary to restore it to the Court's active docket.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

³ The remaining parties in this action were served, but have failed to appear and have been defaulted. No one has joined State National's opposition to Francisco's motion.